# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

MIGUEL MOLINA,

                Plaintiff,

    v.

J. RIVELLO, et al.,

                Defendants.

CIVIL ACTION NO. 3:23-CV-01111

(MEHALCHICK, M.J.)

## MEMORANDUM

Before the Court is a motion to dismiss filed by Defendants State Correctional Institute Huntingdon's ("SCI-Huntingdon") Superintendent, J. Rivello ("Rivello"), Deputy Superintendent for Centralized Services, J. Spyker ("Spyker"), Deputy Superintendent for Facilities Management, Kohler ("Kohler"), Counselor of B Block Housing Unit, N. Walters ("Walters"), Unit Manager of B and C Blocks, G. Ralston ("Ralston"), and Sergeant of B Block A. Little ("Little") (collectively, "Defendants"). [1] (Doc. 4). On June 30, 2022, *pro se* prisoner-Plaintiff Miguel Molina ("Molina") initiated the instant action by filing a complaint against Defendants in Huntington County Court of Common Pleas. [2] (Doc. 1-1). The action was removed to the United States District Court for the Middle District of Pennsylvania on July 5, 2023. (Doc. 1). Molina asserts a First Amendment retaliation claim pursuant 42 U.S.C. § 1983. (Doc. 1-1, ¶¶ 39-41). On August 2, 2023, the parties consented to proceed before the

---

[1] While Kohler is not named on the motion to dismiss (Doc. 4), the brief in support appears to be submitted on his behalf. (Doc. 6). He is named as one of the Defendants counseled by Erich T. Greiner, who submitted the brief in support. (Doc. 6, at 1). As such, the Court will decide the motion to dismiss on behalf of Kohler.

[2] The case was reinstated on June 8, 2023 (Doc. 1).

undersigned Magistrate Judge pursuant to Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). (Doc. 5).

For the reasons discussed herein, Defendants' motion is **DENIED IN PART** and **GRANTED IN PART**.

I.    BACKGROUND AND PROCEDURAL HISTORY

On June 30, 2022, *pro se* prisoner, Molina, initiated this action pursuant to 42 U.S.C. § 1983 against Defendants for alleged retaliatory conduct in violation of the First Amendment. (Doc. 1-1). In retaliation for his filing of grievances and civil rights complaints challenging the conditions of his confinement, Molina alleges Defendants placed him in cells "contaminated with mold, rust, asbestos, and corrosion," a cell with a leaking, broken toilet, and eventually the restrictive housing unit ("RHU"). (Doc. 1-1, ¶¶ 16, 17, 21, 40). Molina alleges he was further punished by being transferred from SCI-Huntingdon to the Pennsylvania Department Corrections Facility at Forest. (Doc. 1-1, ¶ 40; Doc. 6, at 5). Molina alleges that Defendants fabricated misconduct reports against him to implement these transfers. (Doc. 1-1, ¶¶ 21, 28). "Extreme hardships" followed because of these placements. (Doc. 1-1, ¶ 40). For relief, Molina requests declaratory relief, injunctive relief in the form of immediate release from the RHU and cessation of all retaliatory acts, compensatory and punitive damages, and court costs. (Doc. 1-1, ¶¶ A-F).

As required by the Prison Litigation Reform Act ("PLRA"), Molina posits he properly exhausted his administrative remedies by filing a grievance with the Pennsylvania Department of Corrections' Inmate Grievance System and the Administrative Custody Procedures System. (Doc. 1-1, ¶ 31). Defendants have not raised an exhaustion issue at this time. (Doc. 6)

On July 19, 2023, Defendants filed a motion to dismiss the complaint for failure to state a claim, subsequently filing their brief in support on August 2, 2023. (Doc. 6). In response, on August 21, 2023, Molina submitted a collection of exhibits liberally construed by the Court to be a brief in opposition.[3] (Doc. 7). The motion to dismiss has been fully briefed and is now ripe for disposition. (Doc. 6; Doc. 7).

## II. STANDARD OF REVIEW

### A. MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

---

[3] Molina submits a copy of *Walker v. Regan*, 2019 U.S. Dist. LEXIS 31672, 2019 WL 1003155 (E.D. Pa., Feb. 27, 2019) (Doc. 7); a Department of Corrections Policy Statement dated April 11, 2022 (Doc. 7-1); a Grievance Withdrawal, dated April 26, 2022, specifying Molina's "cell toilet [is] being repaired by Maintenance," and indicating a new cell placement upon Molina's release from restrictive housing (Doc. 7-3, at 1); a misconduct report, dated May 3, 2022, indicating Molina was "suspected of being involved in or is suspected of being the instigator of a disturbance" (Doc. 7-3, at 2); and a "Program Review Committee's Decision and Rationale" form dated May 4, 2022 recommending Molina remain in "administrative custody" before being transferred from SCI-Huntingdon. (Doc. 7-3, at 3).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need a court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted).

- 4 -

The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (citing *Phillips v. Cty. of Allegheny*, 515 F.3d 224, at 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

B.    42 U.S.C. SECTION 1983

Section 1983 is the vehicle by which private citizens may seek redress for violations of

- 5 -

federal constitutional rights committed by state officials. *See* 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

"Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." *See Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

## III.   DISCUSSION

Defendants submit that Molina has failed to state a plausible retaliation claim against them. (Doc. 6, at 9). Defendants further argue Molina's request for injunctive relief is moot because he has been transferred out of SCI-Huntingdon. (Doc. 6, at 19).

### A.   MOLINA'S RETALIATION CLAIM

To successfully allege a retaliation claim, Molina must demonstrate (1) he engaged in constitutionally protected conduct, (2) prison officials took "an adverse action [against Molina] sufficient to deter a person of ordinary firmness from exercising his constitutional

rights," and (3) "a causal link between the exercise of [Molina's] constitutional rights and the adverse action taken against him." *Mack v. Warden Loretto FCI*, 839 F.3d 286, 297 (3d Cir. 2016). Defendants aver Molinia has failed to allege the adverse action and casual link requirements of a retaliation claim. (Doc. 6, at 10).

Molina has sufficiently alleged all three requirements of retaliation against each Defendant. (Doc. 1-1); *see Fantone v. Latini*, 780 F.3d 184, 191-94 (3d Cir. 2015) (finding a prisoner alleging he was retaliated against for filing a grievance by being sent to the RHU sufficiently alleged facts to survive a motion to dismiss). First, Molina engaged in constitutionally protected activity by filing his lawsuit and prison grievances. *See Allah v. Al–Hafeez*, 208 F. Supp. 2d 520, 535 (E.D. Pa. 2002) (finding a prisoner had satisfied the first prong of a retaliation claim because "both filing a lawsuit and filing grievances are protected activities" under the First Amendment). Along with this, Molina also alleges Defendants "fabricated reports" against him.[4] (Doc. 1-1, ¶¶ 21, 28). "[F]alsifying misconduct reports in retaliation for an inmate's resort to legal process is a violation of the First Amendment's guarantee of free access to the courts." *Smith v. Mensinger*, 293 F.3d 641, 653 (3d Cir. 2002).

Molina also sufficiently alleges the second requirement of a retaliation claim, that Defendants took adverse action against him.[5] An adverse action is an action that would "deter

---

[4] Specifically, Molina references Defendants Littles and Walters. (Doc. 1-1, ¶¶ 21, 28).

[5] The following facts are derived from the complaint. (Doc. 1-1). Ralston said he would help Molina move to a "decent cell" if Molina agreed to withdraw his grievance against Ralston. (Doc. 1-1, ¶ 18). Otherwise, Ralston would ensure Molina would be stuck in a cell with a broken toilet emitting "noxious odors." (Doc. 1-1, ¶ 18). Little threatened to have Molina sent to restrictive housing unless Molina withdrew his grievance against him. (Doc. 1-1, ¶ 19). When Molina did not withdraw the grievance, Little fabricated a report against Molina to have him sent to the RHU. (Doc. 1-1, ¶ 20). Rivello told Molina, "[i]f you withdraw

a person of ordinary firmness from exercising his constitutional rights." *Mack v. Warden Loretto FCI*, 839 F.3d 286, 297 (3d Cir. 2016). Defendants argue "[c]hanges in custody levels and cell moves are not adverse actions as a matter of law."[6] (Doc. 6, at 11). Being placed in undesirable cells,[7] transferred to the RHU for an inordinate amount of time,[8] and transferred to another correctional facility[9] have all been recognized as "adverse actions" in the context of a prison retaliation claim. (Doc. 1-1, ¶¶ 16, 17, 21, 34, 40). *See Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (considering being held in the RHU to be an adverse action while determining a retaliation claim was wrongfully dismissed); *Murray v. Wetzel*, No. 3:CV-17-491, 2018 WL 894610, at *7 (M.D. Pa. Feb. 14, 2018) (recognizing a cell transfer to be an adverse action);

---

your lawsuit and grievances I will release you [from the RHU] to general population, but if you refuse to comply, I'll keep you in [the RHU] for as long as I can and then transfer you far away from your region." (Doc. 1-1, ¶ 22). Walters also requested that Molina withdraw a grievance against him, as well as withdraw a lawsuit against Walter's father, in exchange for a return to general population. (Doc. 1-1, ¶ 27). In the alternative, Walters threated Molina with a facility transfer. (Doc. 1-1, ¶ 27). Molina alleges Spyker and Kohler requested Molina's transfer to a new facility from SCI-Huntingdon and his extended stay in the RHU because they "blatantly stated they were tired of [Molina's] grievances and lawsuits." (Doc. 1-1, ¶ 30).

[6] In support of their argument that "[c]hanges in custody levels and cell moves are not adverse actions as a matter of law," Defendants cite Third Circuit precedent that incarcerated individuals have no liberty interest in their housing placement. *Ruffin v. Superintendent Retreat SCI*, 689 F. App'x 112 (3d Cir. 2017). However, "[r]etaliation may be actionable [] even when the retaliatory action does not involve a liberty interest." *Allah v. Seiverling*, 229 F.3d 220, 224 (2000).

[7] Molina attributes his cell transfers to Ralston and Little. (Doc. 1-1, ¶¶ 17, 18, 19, 34).

[8] Molina attributes his prolonged stay in the RHU to Little, Rivello, Walters, Spyker, and Kohler (Doc. 1-1, ¶¶ 21, 22, 24, 27, 28, 30, 32, 33).

[9] Molina attributes his transfer from Huntingdon to Rivello, Walters, Spyker, and Kohler. (Doc. 1-1, ¶¶ 32, 33, 35).

*see also Rauser v. Horn*, 241 F.3d 330, 334 (3d Cir. 2001) (recognizing transfer to a different correctional facility to be an adverse action). Accordingly, Molina sufficiently posits the adverse action requirement of retaliation.

Next, Defendants contend that the "mere harassment or threat[s]," and "mere comments," made by Defendants do not constitute adverse actions for the purpose of a retaliation claim. (Doc. 6, at 12-15). While each Defendants' statements may not rise to the level of an adverse action, they may serve as evidence of the causal link between the alleged cell and facility transfers and Molina's exercise of his constitutional rights, thus satisfying the third requirement of a retaliation claim. *See Jackson v. Mason*, No. 1:22-CV-00845, 2023 WL 3727251, at *9 (M.D. Pa. May 30, 2023) (finding the third requirement of a retaliation claim was satisfied for the purpose of a motion to dismiss because conversations between the plaintiff-inmate and defendants "raise[d] a plausible inference of retaliatory motive."). Even without Defendants' statements, however, Molina satisfies the third requirement for a retaliation claim because for the purpose of a motion to dismiss, "the word 'retaliation' in [the] complaint sufficiently implies a causal link between [plaintiff's] complaints and the misconduct charges filed against him." (Doc. 1-1, ¶¶, 32, 33, 34, 35); *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003). Thus, Molina has sufficiently alleged the third requirement of his retaliation claim.

Accordingly, Defendants' motion to dismiss Molina's retaliation claim **DENIED**. (Doc. 4).

B.   Molina's Request for Injunctive Relief

Molina requests an injunction requiring Defendants to release him into general population at SCI-Huntingdon and to cease all retaliatory acts. (Doc. 1-1, ¶ B). Defendants

argue this request is moot because Molina has been transferred to a new facility. (Doc. 6, at 19). Once a prisoner who is complaining about the conditions of his confinement is transferred from the prison about which he is complaining, the Court cannot grant him meaningful prospective relief because he would not benefit from that relief. *See Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) (stating that "[a]n inmate's transfer from the facility complained of generally moots the equitable and declaratory claims"). Thus, Molina's request for injunctive relief is moot. *Sutton*, 323 F.3d at 248. As Molina is no longer housed at SCI-Huntingdon, Defendants' motion to dismiss Molina's request for injunctive relief be **GRANTED**. (Doc. 4).

IV.   **LEAVE TO AMEND**

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp*., 293 F.3d 103, 108 (3d Cir. 2002) ("An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000); *see Centifanti v. Nix*, 865 F.2d 1422, 1431 (3d Cir. 1989) ("[A] district court may properly deny leave to amend where the amendment would not withstand a motion to dismiss."). "A district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)).

As Molina's demand for injunctive relief is moot, amendment on this issue would be futile. *See Bailey v. Jurnak*, No. 3:18-CV-01437, 2021 WL 7366183, at *5 (M.D. Pa. Dec. 27, 2021), *report and recommendation adopted*, No. 3:18-CV-01437, 2022 WL 673743 (M.D. Pa.

Mar. 7, 2022), *dismissed*, No. 22-1536, 2022 WL 19325385 (3d Cir. Oct. 7, 2022), *and motion for relief from judgment denied*, No. 3:18-CV-01437, 2023 WL 1818322 (M.D. Pa. Feb. 8, 2023) (denying leave to amend because the prisoner-plaintiff had requested injunctive relief but subsequently had been transferred, rendering his request moot). As such, leave to amend is unnecessary at this juncture.

## V.   CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss (Doc. 4) is **DENIED IN PART** and **GRANTED IN PART**.

Defendants' motion to dismiss for failure to state a claim predicated upon Molina's retaliation claim is **DENIED**. Defendants' motion to dismiss for failure to state a claim predicated upon the issue of injunctive relief is **GRANTED**.

An appropriate Order follows.


**BY THE COURT:**


Dated: December 1, 2023                 *s/ Karoline Mehalchick*
                                                      **KAROLINE MEHALCHICK**
                                                      **Chief United States Magistrate Judge**

- 11 -