**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MIGUEL MOLINA,** | : | **Civil No. 3:23-CV-1111** |
| | : | |
| **Plaintiff,** | : | **(Chief Judge Brann)** |
| | : | |
| **vs.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **J. RIVELLO, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## REPORT AND RECOMMENDATION

### I.   Statement of Facts and of the Case.

This case asks the following question: How can the court conduct litigation with a *pro se* plaintiff whose whereabouts are unknown and with whom we have no means of communicating? Concluding that we cannot undertake litigation in this setting, and that the plaintiff's failure to provide us with any means of communication violates the rules of this court and frustrates our ability to resolve this case, for the reasons set forth below, it is recommended that this complaint be dismissed.

This is a prisoner civil rights case. The plaintiff, who is proceeding *pro se*, previously received a copy of correspondence from the court which placed him on notice of his obligation to provide the court with an address where he can be reached and was warned that if the court was unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his address, the plaintiff's case may be

1

dismissed. (Doc. 2-1, at 3-4). Despite this clear notice, correspondence mailed to the plaintiff has been returned as undeliverable. (Doc. 13). Accordingly, on February 16, 2024, we placed the plaintiff on notice that, as a *pro se* litigant, the plaintiff's failure to maintain an address where he can be reached itself violated the rules of this court; specifically, Local Rule 83.18, which provides that:

> **LR 83.18 Appearance of Parties Not Represented by Counsel.**
>
> Whenever a party by whom or on whose behalf an initial paper is offered for filing is not represented in the action, such party shall maintain on file with the clerk a current address at which all notices and copies of pleadings, motions or papers in the action may be served upon such party.

We then advised Molina in clear and precise terms as follows:

> Therefore, IT IS ORDERED that the plaintiff comply with Local Rule 83.18 on or before **March 1, 2024** by providing us with an address where we can communicate with the plaintiff or face the sanction provided under that rule, dismissal of this case.

(Doc. 17, at 2-3).

A copy of our February 16 order was mailed to Molina at the address he provided to the court, but Molina has not complied with that order, the deadline for compliance has passed, and this order has now been returned as undeliverable. (Doc. 18). Therefore, Molina is in violation of the Local Rules of this court, and we lack the ability to communicate with this litigant. The plaintiff's non-compliance with the

2

rules of this court now stymies any efforts to litigate his claims. Accordingly, for the reasons set forth below, it is recommended that this case be dismissed.

## II.    Discussion

Under the Local Rules of this Court, the plaintiff should be deemed to have abandoned this lawsuit by failing to provide the court with an address where he can be reached, a direct violation of Local Rule 83.18. The plaintiff's ongoing violation of Local Rule 83.18 permits the court to find that he has abandoned this litigation. In this circumstance, dismissal of this action for failure to abide by court orders or the rules of this court, and failure to prosecute, is fully justified. See, e.g., Juaquee v. Pike County Corr. Facility Employees, 3:12-CV-1233, 2013 WL 432611 (M.D. Pa. Feb. 1, 2013); Kuhn v. Capitol Pavilion, 1:11-CV-2017, 2012 WL 5197551 (M.D. Pa. Oct. 19, 2012); Educ. Mgmt. Services, Inc. v. Pennsylvania, 1:10-CV-00441, 2012 WL 2389874 (M.D. Pa. June 25, 2012); Olguin v. Burgerhoff, 1:12-CV-0003, 2012 WL 1580935 (M.D. Pa. May 4, 2012); Nowland v. Lucas, 1:10-CV-1863, 2012 WL 10559 (M.D. Pa. Jan. 3, 2012); Binsack v. Lackawanna County Dist. Attorney's Office, 3:08-CV-1166, 2011 WL 5840314 (M.D. Pa. Nov. 21, 2011); Washington v. Columbia County Prison, 3:CV-10-45, 2011 WL 98547 (M.D. Pa. Jan. 12, 2011).

In this case, the plaintiff has failed to comply with Local Rule 83.18 by providing an address where we can communicate with this litigant. If we cannot communicate with Molina, it will be impossible to litigate this case. Therefore, this

failure now compels us to apply the sanction called for under Rule 83.18 and deem the plaintiff to have abandoned this litigation. However, since we have been unable to assess the merits of this complaint due to his disappearance, it is recommended that this case be dismissed without prejudice, so that Molina could reinstitute this case if he ever elects to communicate with the court regarding his current whereabouts.

## III.    <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's complaint be dismissed without prejudice pursuant to Local Rule 83.18.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified   proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall

witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 4th day of March 2024.

_S/Martin C.   Carlson_
Martin C. Carlson
United States Magistrate Judge
