IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MIGUEL MOLINA, | No. 3:23-CV-01111 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| J. RIVELLO, *et al.*, | |
| Defendants. | |

# MEMORANDUM OPINION AND ORDER

APRIL 18, 2024

## I. BACKGROUND

In June 2022, Miguel Molina filed a civil rights complaint against various Defendants employed by the SCI-Huntington correctional facility in the Huntington County Court of Common Pleas.[1] In July 2023, Defendants removed the case to this Court.[2] Then-Magistrate Judge Karoline Mehalchick partially denied Defendants' motion to dismiss in December 2023.[3]

In January 2024, a scheduling Order was returned as undeliverable when mailed to Molina.[4] In February 2024, Magistrate Judge Martin C. Carlson[5] issued an Order stating that Molina must comply with Local Rule 83.18 by providing the Court

---

[1] Plaintiff's Complaint, Doc 1-1.
[2] Notice of Removal, Doc. 1.
[3] Order, Doc. 10.
[4] Scheduling Order, Doc. 12; Mail Returned as Undeliverable, Doc. 13.
[5] The case was reassigned to Judge Carlson in February 2024. Feb. 4, 2024 Doc. Entry.

with a proper mailing address or face the sanction of dismissal.[6] In March 2024, a February Order granting Defendants' motion to depose Molina was also returned as undeliverable to Molina.[7] Magistrate Judge Carlson then recommended that Molina's complaint be dismissed without prejudice for failing to provide the Court with a proper mailing address.[8] Now pending before the Court is Magistrate Judge Carlson's Report and Recommendation (the "Report").[9]

No objections were filed to the Report. But since the Report was docketed, Defendants have made five filings, all of which Molina received.[10] Molina also complied with the Court's deposition Order despite it being returned as undeliverable,[11] and Defendants conducted that deposition in March 2024.[12] Since the Report, Molina has also filed a motion to compel discovery and a letter regarding confiscated mail.[13] On April 12, 2024, this Court corrected Molina's address, which had been incorrectly entered on the docket.[14]

---

[6] Order, Doc. 17.
[7] Order, Doc. 16; Mail Returned as Undeliverable, Doc. 18.
[8] Report and Recommendation, Doc. 19.
[9] Id.
[10] See Withdrawal of Attorney Appearance, Doc. 20 at 2; Motion for Summary Judgment, Doc. 24 at 3; Statement of Facts, Doc. 25 at 19; Brief in Support, Doc. 26 at 30; Brief in Opposition, Doc. 27 at 8.
[11] See Molina Deposition, Doc. 25-9 (conducted Mar. 4, 2024).
[12] Id.
[13] Motion to Compel Discovery, Doc. 21; Letter to the Court re legal mail, Doc. 23.
[14] Apr. 12, 2024 Doc. Entry.

## II.   DISCUSSION

Middle District of Pennsylvania Local Rule 83.18 requires pro se parties to "maintain on file with the clerk a current address at which all notices and copies of pleadings, motions or papers in the action may be served upon the party." The Report contends that Molina's "on-going violation of Local Rule 83.18 permits the court to find that he has abandoned this litigation . . . dismissal of this action for failure to abide by court orders or the rules of this court, and failure to prosecute, is fully justified."[15]

As no objections were filed, the Court should only reject the Report if a review of the record evidences plain error or manifest injustice.[16] "A finding is 'clearly erroneous' when, 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[17] "A magistrate judge's order is contrary to law 'when the magistrate judge has misinterpreted or misapplied the applicable law.'"[18]

"Federal Rule of Civil Procedure 41(b) permits a District Court to [*sua sponte*] dismiss a plaintiff's case for failure to prosecute."[19] But the Court's discretion is not unlimited. "[D]ismissal with prejudice is only appropriate in limited circumstances

---

[15] Report and Recommendation, Doc. 19 at 2.
[16] 1983 Advisory Committee Notes to Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).
[17] *Pa. Dep't of Envtl. Prot. V. Allegheny Energy, Inc.*, No. 2:05-cv-885, 2007 U.S. Dist. LEXIS 56733, at *1 (W.D. Pa. Aug. 3, 2007) (quoting *Anderson v. Bessemer*, 470 U.S. 564, 573 (1985)).
[18] *Brandon v. Burkhart*, No. 1:16-cv-177, 2020 U.S. Dist. LEXIS 2312, at *2 (W.D. Pa. Jan. 7, 2020) (quoting *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006)).
[19] *Briscoe v. Klaus*, 583 F.3d 252, 258 (3d Cir. 2008).

and doubts should be resolved in favor of reaching a decision on the merits."[20] "A court must justify its decision under the multi-factor balancing test stated" by the United States Court of Appeals for the Third Circuit "in *Poulis v. State Farm Fire & Casualty Co.*"[21] Under *Poulis*, a court must weigh:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.[22]

The Third Circuit has "never upheld a court's dismissal when it was supported by an inadequate foundation on even one of the *Poulis* factors."[23] Here, the Report did not address the *Poulis* factors at all. This Court's review indicates that dismissal without prejudice is premature and unduly harsh.

The first *Poulis* factor weighs against dismissal. As a pro se litigant, Molina is personally responsible for keeping his address correctly updated, and to correct errors in his address. But Molina has always signed his papers with what is presumably the correct address.[24] He is not responsible for the initial error in his address, which may

---

[20] *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (citing *Adams v. Trustees of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 870 (3d Cir. 1994)).
[21] *Nieves v. Thorne*, 790 F.App'x 355, 357 (3d Cir. 2019) (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984)).
[22] *Poulis*, 747 F.3d at 868.
[23] *Nieves*, 790 F.App'x at 357 (quoting *Hildebrand v. Allegheny Cnty*, 923 F.3d 128, 137 (3d Cir. 2019)).
[24] Brief in Opposition, Doc. 7 at 17; Motion to Compel Discovery of ESI, Doc. 8 at 6; Motion to Compel Discovery, Doc. 21; Brief in Support, Doc. 22; Letter to the Court re Legal Mail,

4

have caused some of his mail to be returned as undeliverable. Despite Molina's failure to respond to Magistrate Judge Carlson's Order and his failure to correct the address listed on the docket sheet, this factor favors Molina. Concluding that this factor weighs against Molina depends on whether the undeliverable mail was caused by the initially erroneous address or something else, which is not entirely clear to the Court.[25] If, now that the typographical error in Molina's address has been corrected, mail from this Court continues to be returned as undeliverable, then Molina's personal responsibility will be more apparent.

The second *Poulis* factor, prejudice to the adversary, also weighs against dismissal. Only two pieces of mail were returned as undeliverable, both from the Court, and no prejudice appears to have resulted to the Defendants. Every filing by Defendants, both before and after the undeliverable mail, includes a certificate of service stating that it was received by Molina,[26] and the Docket Sheet does not indicate that any other letter from this Court was returned as undeliverable. Even though the Court's Order granting Defendants' request to depose Molina was returned

---

Doc. 23 at 4-6 (all signed "Miguel Molina [#MQ-7522], SCI Forest, P.O. Box 945, Marienville, PA 16239").

[25] *See Briscoe*, 538 F.3d at 258 (A district court dismissing a case sua sponte "should use caution in doing so because it may not have acquired knowledge of the facts it needs to make an informed decision.")

[26] Notice of Removal, Doc. 1 at 4; Motion to Dismiss, Doc. 4 at 3; Brief in Support, Doc. 6 at 22; Answer, Doc. 11 at 11; Motion to Take Deposition, Doc. 14 at 3; Brief in Support, Doc. 15 at 5; Withdrawal of Attorney Appearance, Doc. 20 at 2; Motion for Summary Judgment, Doc. 24 at 3; Statement of Facts, Doc. 25 at 19; Brief in Support, Doc. 26 at 30; Brief in Opposition, Doc. 27 at 8.

as undeliverable, the attachment to Defendants' Motion for Summary Judgment shows that their counsel still timely deposed Molina in March 2024.[27]

The third *Poulis* factor, a history of dilatoriness, weighs against dismissal. Molina has timely responded to Defendants' motions and has received all other filings besides the two Court Orders.

The fourth *Poulis* factor, bad faith, weighs slightly against dismissal. Molina neither responded to Magistrate Judge Carlson's Order to provide the correct address, nor submitted any objection to the Report. Considering that Molina is a pro se prison inmate, that his initially entered address may have contributed to the Court's mailing issues, and that nothing else in the record reflects bad faith, this factor weighs against dismissal.

The fifth *Poulis* factor, effectiveness of sanctions other than dismissal, is either neutral or weighs slightly towards dismissal. Molina failed to respond to this Court's initial warning that if he did not supply the correct address, his case would be dismissed; he also failed to respond to Magistrate Judge Carlson's Report recommending dismissal for failure to provide the correct address. Fining Molina would likely be ineffective; the warnings issued so far have elicited no response from Molina; and the Court cannot conceive of any sanction other than dismissal which would be effective in such prisoner litigation cases.

---

[27] Molina Deposition, Doc. 25-9.

The sixth *Poulis* factor, the meritoriousness of the claim or defense, also weighs against dismissal. Defendants' motion to dismiss was denied, showing that at the very least, Molina's complaint plausibly stated a claim for relief.[28] Aside from Molina's pending motion,[29] discovery is complete, Molina's deposition has been taken,[30] and Defendants have fully briefed their pending motion for summary judgment.[31] Dismissing the case would then also waste judicial resources, given that Molina's complaint plausibly alleged a claim and Defendants' motion for summary judgment is nearly ripe for disposition.

### III. CONCLUSION

After reviewing the *Poulis* factors, I find that they weigh strongly against dismissal. Dismissal may be one of the only effective sanctions available to the Court in prisoner litigation cases involving mailing issues, but even dismissal without prejudice is premature and unduly harsh here.

Accordingly, **IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (Doc. 19) is **REJECTED**. This case is referred to Magistrate Judge Carlson for further proceedings.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[28] Order, Doc. 10.
[29] Motion to Compel Discovery, Doc. 21.
[30] Molina Deposition, Doc. 25-9.
[31] Brief in Support, Doc. 26.