IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MIGUEL MOLINA,** | : | Civil No. 3:23-cv-01111 |
| **Plaintiff,** | : | (Chief Judge Brann) |
| v. | : | (Magistrate Judge Carlson) |
| **J. RIVELLO, et al.,** | : | |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

On February 4, 2024, this case was referred to the undersigned for pretrial management. The *pro se* plaintiff in this prisoner civil rights case, Miguel Molina, alleges the defendants, six corrections officers from SCI Huntingdon, where the plaintiff was housed between March 2019 and June 2022, retaliated against him for filing a civil rights lawsuit and various grievances. Molina filed a civil rights complaint in the Huntingdon County Court of Common Pleas in June 2022 and the defendants removed the action to the federal district court on July 5, 2023. (Doc. 1). On April 11, 2024, the defendants filed a motion for summary judgment which is fully briefed and ripe for disposition. (Docs. 24, 25, 26, 36, 37, 40).

Upon review of the defendants' briefing on the issue of summary judgment, we note they rely upon two requirements of the Prison Litigation Reform Act (PLRA)

1

which they argue bar Molina from pursuing some of his claims. They first argue that Molina has not fully exhausted all of his claims against each defendant as required by § 1997e(a) of the PLRA. They also argue that Molina is barred from recovering compensatory damages under § 1997e(e), since he alleges mental and emotional harm but no physical injury resulting from the defendants' allegedly retaliatory acts.

The defendants' arguments relying on the PLRA, and the procedural posture of this case which was removed from state court, give us pause in light of the recent holding of Chief Judge Brann in Johnson v. Davis, No. 3:23-CV-00762, 2024 WL 3034591, at *1 (M.D. Pa. June 17, 2024), reconsideration denied, No. 4:23-CV-00762, 2024 WL 4875420 (M.D. Pa. Aug. 9, 2024). In Davis, Chief Judge Brann rejected the conclusion that PLRA's limitation on compensatory damages in § 1997e(e) applied in cases that were originally filed in state court but removed by the defendants to the federal court. Chief Judge Brann also contemplated the misapplication of other sections of the PLRA, including § 1997e(a) requiring exhaustion of administrative remedies, to such cases which originated in state court.

Given the similarities in procedural posture of the instant case and Davis, we are hesitant to issue a recommendation on the instant motion based upon the current briefing, which was completed prior to Chief Judge Brann's holding in Davis and therefore does not address how it may apply to the defendants' arguments in favor of summary judgment.

Accordingly, IT IS HEREBY ORDERED that within ten days of this order, **ON OR BEFORE FEBRUARY 24TH, 2025**, the defendants shall notify the Court if they wish to withdraw their motion for summary judgment, (Doc. 24), without prejudice to the defendants filing a renewed motion for summary judgment accompanied by briefing in a fashion that addresses the concerns previously identified by the district court in Davis.

So ordered this 14th day of February 2025.

*s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge