**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MIGUEL MOLINA, | | No. 3:23-CV-01111 |
| Plaintiff, | | (Chief Judge Brann) |
| v. | | (Magistrate Judge Carlson) |
| J. RIVELLO, *et al.*, | | |
| Defendants. | | |

**ORDER**

**MARCH 3, 2026**

Miguel Molina filed this 42 U.S.C. § 1983 civil rights complaint alleging that several individuals retaliated against him in retribution for him having filed grievances and complaints.[1] On January 12, 2026, Magistrate Judge Martin C. Carlson issued a Report and Recommendation recommending that this Court grant in part and deny in part Defendants' motion for summary judgment.[2] No timely objections were filed to this Report and Recommendation.

Where no objection is made to a report and recommendation, this Court will review the recommendation only for clear error.[3] Regardless of whether objections are made, district courts may accept, reject, or modify—in whole or in part—the

---

[1]    Doc. 1.

[2]    Doc. 67.

[3]    Fed. R. Civ. P. 72(b), advisory committee notes; *see Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that court should in some manner review recommendations regardless of whether objections were filed).

findings or recommendations made by the magistrate judge.[4] Upon review of the record, the Court finds no error—clear or otherwise—in Magistrate Judge Carlson's recommendation that the motion for summary judgment be granted in part and denied in part. Consequently, **IT IS HEREBY ORDERED** that:

1.    Magistrate Judge Martin C. Carlson's Report and Recommendation (Doc. 67) is **ADOPTED**;

2.    Defendants' motion for summary judgment (Doc. 49) is **GRANTED in part** and **DENIED in part** as follows:

    A.    The motion is granted as to Molina's conspiracy claim and First Amendment retaliation claim as it relates to Molina's cell transfers;

    B.    The motion is denied as to Molina's First Amendment retaliation claim as it relates to confinement in the restricted housing unit and facility transfer.

3.    A telephonic status conference shall be scheduled by separate Order.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[4]   28 U.S.C. § 636(b)(1); Local Rule 72.31.